IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANNY AMEN** | : | |
| **VALENTINE SHABAZZ,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-1185** |
| | : | |
| **SOVEREIGN SWEETS,** *et al.*, | : | |
|     **Defendants.** | : | |

## MEMORANDUM

**BEETLESTONE, J.**                                                                                      **MAY 2, 2024**

Plaintiff Danny Amen Valentine Shabazz brings this *pro se* civil action based on purported acts of copyright infringement and has moved to proceed *in forma pauperis*. For the following reasons, the Court will grant Shabazz leave to proceed *in forma pauperis* and will dismiss the Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## I.    BACKGROUND AND FACTUAL ALLEGATIONS

Shabazz is a frequent litigant in this Court and has commenced at least fifteen cases in this District since 2021. *See Shabazz v. Buccini, et al.*, Civil Action No. 21-3011 (E.D. Pa.) (dismissed without prejudice for failure to prosecute); *The Estate of Danny Valentine-Shabazz v. Flynn, et al.*, Civil Action No. 22-866 (E.D. Pa.) (dismissed without prejudice for failure to prosecute); *Valentine-Shabazz v. Moyihan, et al.*, Civil Action No. 22-869 (E.D. Pa.) (dismissed without prejudice for failure to prosecute); *Valentine-Shabazz v. Diggs, et al.*, Civil Action No. 22-884 (E.D. Pa.) (dismissed without prejudice for failure to prosecute); *Shabazz v. Guzman*, Civil Action No. 22-1276 (E.D. Pa.) (dismissed without prejudice for failure to prosecute); *Valentine-Shabazz v. Hastings, et al.*, Civil Action No. 22-1483 (E.D. Pa.) (dismissed for failure to comply with Court's Order); *Valentine-Shabazz v. Tracy, et al.*, Civil Action No. 22-1508

(E.D. Pa.) (transferred to the District of Delaware); *Valentine-Shabazz v. Sinacola, et al.*, Civil Action No. 22-3342 (E.D. Pa.) (dismissed for failure to prosecute); *The Estate of Danny Amen Valentine-Shabazz v. Buccini, et al.*, Civil Action No. 22-3343 (dismissing case for failure to prosecute and enjoining Shabazz from submitting any pleadings via email in an existing case and/or in a new matter due to abusive behavior and failure to comply with Court's directives); *Shabazz v. Brian Moynihan Bank of America*, Civil Action No. 23-1383 (E.D. Pa.) (dismissed for failure to prosecute); *Shabazz v. Bruce, et al.*, Civil Action No. 23-1399 (E.D. Pa.) (dismissed for failure to prosecute); *Shabazz v. Moynihan, et al.*, Civil Action No. 23-1717 (E.D. Pa.) (dismissed for failure to prosecute); *Shabazz v. Matthews*, et al., Civil Action No. 23-1757 (E.D. Pa.) (dismissing case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)); *Shabazz v. Bruce, et al.*, Civil Action No. 23-1863 (E.D. Pa.) (transferring pending motion to Civil Action No. 23-1399 and closing case); *Shabazz v. Bruce, et al.*, Civil Action No. 23-2158 (E.D. Pa.) (transferring case to District of Delaware). While many of these cases ultimately were dismissed for failure to prosecute, in most instances, the dismissals came only after Shabazz failed to comply with court Orders and engaged in abusive behavior by inundating the court with nonresponsive submissions despite clear directives to refrain from doing so. Indeed, in Civil Action No. 22-3343, Shabazz was subjected to a prefiling injunction based on this behavior, which prevented him from filing documents using the now-retired email address created by the Court for filing during the COVID-19 pandemic.

      In Civil Action No. 23-1757, Shabazz brought a similar action to the case at bar, naming many of the same defendants and purporting to raise, *inter alia*, copyright infringement claims. After screening the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismissed the claims as frivolous and for failure to state a claim pursuant to 28 U.S.C. §

1915(e)(2)(B)(i) and (ii), and for failure to comply with Federal Rule of Procedure 8, and granted Shabazz the opportunity to file a second amended complaint.  (*See* Civil Action No. 23-1757 at ECF Nos. 6 and 7.)  He failed to do so within the allotted time and the case was dismissed with prejudice on August 16, 2023.  (*See id.* at ECF No. 9.)

In the meantime, Shabazz commenced multiple civil actions in other federal district courts, naming many of the same defendants and presenting the same or similar allegations regarding various business disputes.  *See, e.g., Shabazz v. Bruce, et al.*, Civil Action No. 23-5286 (D.N.J.); *Shabazz v. Brian Moynihan Bank of America, et al.*, Civil Action No. 23-7321 (D.N.J.); *Shabazz v. Passino, et al.*, Civil Action No. 23-11926 (D.N.J.); *Shabazz v. Diggs, et al.*, Civil Action No. 23-12046 (D.N.J.); *Shabazz v. Bruce, et al.*, Civil Action No. 23-16641 (D.N.J.); *Shabazz v. The United States of America, et al.*, Civil Action No. 23-22878 (D.N.J.); *Shabazz v. Diggs., et al.*, Civil Action No. 23-9084 (S.D.N.Y); *Shabazz v. Graham, et al.*, Civil Action No. 23-9228 (S.D.N.Y.); *Shabazz v. Diggs, et al.*, Civil Action No. 23-9231 (S.D.N.Y.); *Shabazz v. Yoon, et al.*, Civil Action No. 23-10508, (S.D.N.Y.); *Shabazz v. Watson, et al.*, Civil Action No. 23-4048) (N.D. Ga.); *Shabazz v. Passino, et al.*, Civil Action No. 23-4239 (N.D. Ga.); *Valentine Shabazz v. Bruce, et al.*, Civil Action No. 23-1604 (D.D.C.); *Valentine Shabazz v. Bruce, et al.*, Civil Action No. 23-1607 (D.D.C.); *Valentine Shabazz v. Burns, et al.*, Civil Action No. 23-1609 (D.D.C.); *Valentine Shabazz v. Moynihan, et al.*, Civil Action No. 23-1610 (D.D.C.); *Valentine Shabazz v. Passino, et al.*, Civil Action No. 23-1628 (D.D.C.); *Valentine Shabazz v. Bakish, et al.*, Civil Action No. 23-1639 (D.D.C.).

Several of these cases, and others,[1] purport to present copyright infringement claims based on the same or similar allegations. As noted by the Honorable Laura Taylor Swain, Chief Judge of the United States District Court for the Southern District of New York, when evaluating Shabazz's copyright infringement claim before her, Shabazz has filed numerous, similar copyright infringement claims. *See Shabazz v. Graham*, No. 23-9228, 2024 WL 643116, at *3 (S.D.N.Y. Feb. 14, 2024) (citing *Anderson v. Jennings*, No. 23-CV-651, 2024 WL 36002, at *2 (D. Del. Jan. 3, 2024) (dismissing criminal copyright infringement claims because Plaintiff's claims were "confusing and missing relevant context"); *Shabazz v. United States*, ECF 1:23-CV-10546, 2 (LTS) (S.D.N.Y. Dec. 26, 2023) (directing Plaintiff to pay the filing fee or an IFP application within 30 days); *Shabazz v. Yoon*, ECF 1:23-CV-10908, 2 (LTS) (S.D.N.Y. Dec. 22, 2023) (same); *Shabazz v. Diggs*, ECF 1:23-CV-9084, 5, (LTS), 2024 WL 37079, at *1 (S.D.N.Y. Jan. 3, 2024) (dismissing complaint for failure to state a claim, with 30 days' leave to replead); *Shabazz v. Diggs*, No. 23-CV-12046, 23-CV-16641, 2023 WL 6276277, at *1 (D.N.J. Sept. 26, 2023) (dismissing criminal copyright infringement claims because Plaintiff's "bald assertions and conclusory allegations [were] insufficient to state a claim [for] relief that is plausible on its face."); *Shabazz v. Matthews*, No. 23-CV-1757, 2023 WL 4089361, at *5 (E.D. Pa. June 20, 2023) ("Shabazz's allegations lack a factual basis and do not support any plausible claim in accordance with Rule 8."); *Shabazz v. Bakish*, No. 23-CV-1639, 2023 WL 4685521, at *1 (D.D.C. July 12, 2023) (dismissing criminal copyright infringement claims for failure to state a claim); *Shabazz v. Passino*, No. 23-CV-1638, 2023 WL 4685516, at *1 (D.D.C. July 12, 2023) (same)). In light of Shabazz's litigation history, Chief Judge Swain warned Shabazz that he was,

---

[1] Shabazz's use of various iterations of his name makes it difficult to discern the true universe of cases that he has filed in the federal courts.

or should have been, aware of the elements of a copyright claim when he filed the action before her, and cautioned Shabazz that if he abused the privilege of proceeding *in forma pauperis* by filing duplicative or meritless complaints, that he may be ordered to show cause why he should not be barred from filing new actions *in forma pauperis* unless he receives prior permission of the court.  *Id.* at *4.

Approximately a month after receiving this warning, Shabazz commenced the instant action on March 19, 2024 by filing a Complaint without submitting the required fees or filing an application to proceed *in forma pauperis* despite his experience litigating in this Court.  Shabazz names as Defendants:  Sovereign Sweets, Vincent Watson, Andre Dickens, Kelan Watson, Brian Jones, Pierre Thomas, Kevin "Coach K" Lee, Gennifer Gardener, Po Johnson, Quavious Marshal, Viacom, Entertainment One, and BET Plus.  (Compl. at 1-2.)  The named individual Defendants appear to be music, television, and media personalities, as well as business executives.  Shabazz titles his Complaint "Criminal Copyright Infringement" and describes his "issues" as follows:

> Danny had a head and neck injury partially due to the fraud with copyrights, communications and editing of the world's number finance guy who got the president elected to the 46th on the list.  Insider Threat Development took place.  The mayor of Atlanta should've never authorized a permit for this type of behavior.  This case also has tortious interference with an agreement with Hybe Corporation.  Danny has rights to Rodnae Chikk Bell who is a writer for Hybe Korean acts.

(*Id.* at 3.)  At times, he references the laws of the State of Georgia.  (*See, e.g.*, 3, 6.)

Shabazz's Complaint, like numerous prior filings, is disjointed and fantastical, contains allegations regarding non-party individuals, and fails to set forth any allegations regarding most of the named Defendants.  (*See id.* at 4-5.)  For example, he asserts that "[t]he communication devices used by James the editor and producer were used for malicious intentions that caused

5

operational issues within the 47th and 7th LLC, Crates Inc., Forever I Love America Inc. and Parent Danney Valentine Corporation.  A 300 million dollar bill wasn't lawful from the beginning and was done to avoid us taking his company for illegal productions.  The CEO of Motown Ethiopia has since resigned." (*Id.* at 4.)  He appears to take issue with the editing and filming of an "episode." (*Id.*)  Shabazz claims that he is the "architect and founder of the Wu Tang sound and group." (*Id.*)  He contends that, "[b]ottom line Danny gave free Wutang t-shirts to Quay and the staff of Sovereign Sweets while preparing to stream the new network Forever I Love America which already had traction with a production at the Notary Hotel in the lobby which is the derivative the created the Hotel Lobby for Quavo and Takeoff, now Unc and Phew." (*Id.*)  According to Shabazz, the "back office Danny controls produces major Hollywood pictures and also is responsible for building communities in Delaware, PA, NYC, GA and CA." (*Id.* at 5.)  He claims that he frequented Sovereign Sweets, but "never once drank any liquor onsite," although "liquor was served during the filming of Impact Atlanta." (*Id.*)  As alleged, "[t]his contract was breached immediately, and these parties continue to produce with Danny signature using derivatives from Danny back office." (*Id.*)

As relief, Shabazz requests that "all production and licensing for production be stopped within the Atlanta Mayor's office who frequents the location and has thrown events at Sovereign Sweets." (*Id.*)  He also requests "all masters footage and communications be returned under copyright law and the 300 million Hybe Corporation transaction be returned to Hybe and all fees related to that transaction be returned to 47th and 7th LLC, the owner of the law Unc and Phew album under derivative copyright law." (*Id.*)  He generally asserts that "we" are owners of BET, Paramount and CBS copyrights" and that he left a contract on set by accident and needs it back. (*Id.* at 5-6.)

## II.     STANDARD OF REVIEW

The Court will grant Shabazz leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) applies, requiring the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . ." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Additionally, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366,

374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)); *see Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (noting that a *pro se* litigant's allegations are to be construed liberally).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  The Court is not required "to accept as true unsupported conclusions and unwarranted inferences." *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997).

A complaint also may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2).  The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  "A complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted).  "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Garrett*, 938 F.3d at 93.

### III.    DISCUSSION

Shabazz's Complaint is rambling and nonsensical.  Because the facts are alleged in such an unclear and disjointed manner, the Complaint fails to provide fair notice of the grounds upon which Shabazz's claims against each Defendant rest.  As pled, it does not satisfy Rule 8.[2]

---

[2] Shabazz's passing references to various legal terms, including a "voided contract" or breach of contract, are not sufficient to raise any such claims.  *See Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (A

In any event, to the extent that Shabazz attempts to invoke the federal criminal copyright statute, no private right of action for criminal copyright infringement exists under 18 U.S.C. § 2319. *See Tucker v. Music Royalty Consulting, Inc.*, No. 20-06702, 2021 WL 6804248, at *5 (C.D. Cal. Oct. 26, 2021) (citing *Ricketts v. CBS Corps.*, 439 F. Supp. 3d 1199, 1222 (C.D. Cal. 2020) ("There is no private right of action for felony copyright infringement.")), *report and recommendation adopted*, No. 20-06702, 2021 WL 5771865 (C.D. Cal. Dec. 5, 2021); *Harihar v. U.S. Bank Nat'l Ass'n*, No. 15-11880, 2017 WL 1227924, at *7 n.5 (D. Mass. Mar. 31, 2017) (same), *aff'd sub nom. Harihar v. US Bank N.A.*, No. 17-1381, 2018 WL 7360636 (1st Cir. Aug. 7, 2018). To the extent that Shabazz requests this court to investigate his claims and initiate criminal prosecutions, the Court cannot provide the remedy he seeks. *See Millhouse v. Levi*, 267 F. App'x 140, 141 (3d Cir. 2008) (*per curiam*) (affirming dismissal of plaintiff's "Motion for Court to Investigate []" because, *inter alia*, "there is no federal right to require the government to initiate criminal proceedings.") (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Berrigan*, 482 F.2d 171, 173-74 (3d Cir. 1973)).

The Court further notes that Shabazz once again has failed to allege a plausible claim for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, to the extent that he seeks to do so.³ To state a copyright infringement claim, a plaintiff must allege: "(1)

---

"'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other.") (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)); *Alexis v. Sessions*, No. 18-2099, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018).

³ Title 17 of the United States Code codifies the Copyright Act of 1976 and provides for the protection of copyrights. *See* 17 U.S.C. § 102. Copyright protection applies to "original works of authorship fixed in any tangible medium of expression," such as "musical works, including any accompanying works." *See* 17 U.S.C. § 102(a). "An author gains 'exclusive rights' in her work immediately upon the work's creation, including rights of reproduction, distribution, and

9

which specific original works are the subject of the copyright claim; (2) ownership of the copyrights in those works; (3) registration of the works in question with the Copyright Office in accordance with 17 U.S.C. § 101 et seq.; and (4) by what acts the defendant infringed the copyright." *Browne v. Zaslow*, 103 F. Supp. 3d 666, 671 (E.D. Pa. 2015) (internal citation omitted); *see also Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002) ("To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work."). Section 411 of the Copyright Act requires that a plaintiff "must have a registered copyright before filing an infringement claim based upon that copyright." *Raucci v. Candy & Toy Factory*, 145 F. Supp. 3d 440, 450-51 (E.D. Pa. 2015) (citations omitted). "[A]lthough an owner's rights exist apart from registration, . . . registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Fourth Estate*, 139 S. Ct. at 887 (citations omitted). "While a plaintiff need not attach the copyright as an exhibit to the complaint, he must sufficiently allege in the pleadings that a copyright exists, and the court may take judicial notice at the motion to dismiss stage of the existence or non-existence of such a copyright." *LoDuca v. Pichai*, No. 21-1691, 2022 WL 2757683, at *3 (W.D. Pa. July 14, 2022) (citing *Raucci*, 145 F. Supp. 3d at 451).

    Without any explanation, Shabazz includes with his pleading several pages of information that is suggestive of copyrighted materials. (*See* Compl. at 10-17.) He also references copyright disputes between Chuck Berry and the Beach Boys, as well as The Chiffons and George Harrison. (*See id.* at 17-18.) The Court will not speculate as to Shabazz's claims

---

display." *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) (citing 17 U.S.C. § 106; *Eldred v. Ashcroft*, 537 U.S. 186, 195 (2003)).

based on these attachments. *See Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint. Judges are not like pigs, hunting for truffles buried in the record.") (citations and quotations omitted). To the extent that Shabazz alleges generally that he is the owner of copyrights that were infringed, he has not sufficiently alleged that a registered copyright exists, nor does he specify the circumstances of the alleged infringement or tie such alleged infringement to any of the named Defendants. This, despite the fact that Shabazz has been previously advised of the pleading requirements of a valid copyright infringement claim.

Reading the Complaint as a whole, and construing it in a light most favorable to Shabazz, the Court concludes that Shabazz's allegations lack a factual and legal basis and do not support any plausible claim. Therefore, the Court will dismiss the Complaint in its entirety. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits); *see also Nduka v. Williams*, 410 F. Supp. 3d 719, 721-722 (E.D. Pa. 2019) (finding *pro se* plaintiff's allegations of "the existence of a wide-reaching conspiracy among various rappers, producers, and their 'affiliates' specifically designed to thwart his success in the music industry by hacking devices and engaging in a social media campaign to taunt [plaintiff]" were wholly incredible and warranted dismissal as factually frivolous pursuant to § 1915(e)(2)(B)(i)). The Court will not address any additional defects in light of the dismissal on these grounds.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  Shabazz will not be given leave to file an amended complaint.

Since the filing of the Complaint, Shabazz has submitted, on nearly a daily basis, various documents and letters, as well as a motion for discovery, despite the fact that this case has not proceeded to discovery.  (*See* ECF Nos. 4, 5, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25.)  Shabazz is warned that if he continues to file frivolous, meritless or repetitive lawsuits, or abuses the privilege of filing on the Court's Electronic Document Submission ("EDS") system, he may be subject to an injunction prohibiting him from use of the EDS system, or from proceeding *in forma pauperis* without prior approval of the Court.

An appropriate Order follows.

                                                **BY THE COURT:**

                                                **/s/Wendy Beetlestone, J.**

                                                **WENDY BEETLESTONE, J.**